Filed 9/12/22  P. v. Miranda CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>HUMBERTO MIRANDA,<br><br>Defendant and Appellant. | B316845<br><br>Los Angeles County<br>Super. Ct. No. PA056316 |

APPEAL from an order of the Superior Court of Los Angeles County, David W. Stuart, Judge.  Reversed with directions.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

In 2008, a jury convicted appellant of attempted murder, second degree robbery, assault with a firearm, and possession of a firearm by a felon. He was sentenced to a total of 59 years to life in prison. This sentence included a 25-year enhancement under the Three Strikes law. (Pen. Code, §§ 667, subds. (b)-(j), 1170.12.) We previously affirmed the judgment. (*People v. Miranda* (2011) 192 Cal.App.4th 398.)

Appellant was 23 when he committed the crimes. But for the Three Strikes law enhancement, appellant would be considered a youthful offender entitled to a youthful offender parole hearing during the 25th year of his incarceration. (Pen. Code, § 3051, subd. (b)(3).) In 2021, he filed a motion seeking a *Franklin* hearing for the purpose of youthful offender parole consideration. (Pen. Code, § 3051; *People v. Franklin* (2016) 63 Cal.4th 261, 268 (*Franklin*); *In re Cook* (2019) 7 Cal.5th 439.) A *Franklin* hearing, usually held at the time of sentencing, preserves "youth-related factors, such as . . . cognitive ability, character, and social and family background at the time of the offense" for consideration in later determining a youthful offender's suitability for parole. (*Franklin,* at p. 269.) The trial court summarily denied the motion, finding appellant ineligible to preserve such evidence because, as a third strike defendant, he was not eligible for a youthful offender parole hearing. This timely appeal followed.

Both appellant and the People agree appellant is entitled to a *Franklin* hearing. We agree as well and reverse the trial court's order. In doing so, we join our colleagues in the Fourth District in acknowledging that defendants 25 years old and younger are not entitled to youthful offender parole hearings if they have been convicted and sentenced under the Three Strikes

law.  (*People v. Delgado* (2022) 78 Cal.App.5th 95, 103–104; Pen. Code, § 3051, subd. (h).)  Nevertheless, they are entitled to usual parole consideration in due course at which time the parole board must give "great weight to the diminished culpability of juveniles as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law."  (Pen. Code, § 4801, subd. (c).)  Those are the same factors the parole board must consider in conducting youthful offender parole hearings under section 3051.  Thus, even though appellant is not entitled to a youthful offender parole hearing per se, he will at some point be considered for parole and he should be accorded the opportunity to preserve evidence of his "youth-related facts."  In that regard, we conclude a *Franklin* hearing is mandated.  (*People v. Delgado,* at pp. 103–104.)

Given our ruling, we decline to address appellant's second argument that he is entitled to a *Franklin* hearing because exclusion of third strike defendants from youthful offender hearings deprives such defendants of equal protection of the law. Were we to entertain the argument, we would reject it. (*People v. Delgado, supra*, 78 Cal.App.5th at pp. 101–103; *People v. Wilkes* (2020) 46 Cal.App.5th 1159, 1167; *People v. Moore* (2021) 68 Cal.App.5th 856, 864.)

## DISPOSITION

The order denying a *Franklin* hearing is reversed. The trial court is directed to hold a *Franklin* hearing now to preserve appellant's evidence for any future parole hearing held pursuant to Penal Code section 4801.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

GRIMES, J.

HARUTUNIAN, J.*

---

*        Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4